WILLIAM JOSEPH CROWDER ET AL., APPELLEES, V. ALLIED INVESTMENT COMPANY, A NEBRASKA CORPORATION, APPELLANT.
WILLIAM JOSEPH CROWDER ET AL., APPELLEES, V. GILBERT GIBREAL, DOING BUSINESS AS GIBREAL LEASING CO., ET AL., APPELLANTS.
209 N. W. 2d 141

Filed July 6, 1973. Nos. 38920, 38922.

Floersch & Floersch, for appellants.

Stern, Harris, Feldman, Becker & Thompson and James J. Stumpf, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

These actions arise out of a truck lease agreement, dated May 29, 1969, between the plaintiffs and Gibreal Leasing Co., a trade name for the defendant, Gibreal Auto Sales, Inc. Gibreal Auto Sales, Inc., will be referred to as Gibreal. Allied Investment Company, a separate corporation, was merged into Gibreal on July 15, 1971.

The lease agreement covered a 1966 Kenworth truck. It provided for a downpayment of $2,500 and 36 monthly payments of $400 each. The plaintiffs had an option to purchase the truck at the termination of the lease for an additional payment of $665.

The plaintiffs became delinquent in their payments in 1970 and the truck was repossessed by Gibreal. The plaintiffs then borrowed $2,000 from Allied Investment Company and paid the delinquent installments on the lease agreement and some repair expense that had been incurred by Gibreal.

The plaintiffs made no payments after July 1970, and the truck was repossessed by Gibreal the second time in September 1970.

The first action was commenced on September 30, 1970, to enjoin the sale or leasing of the truck to another party; to cancel the $2,000 note and mortgage to Allied Investment Company; and to recover damages for the wrongful serving of a wage assignment. The cause of action for cancellation of the note and mortgage was

later docketed as a separate action. By cross-petition Gibreal sought to recover one installment of rent, insurance premiums advanced, and repair expense incurred.

On February 1, 1971, while the first action was pending, the truck was sold by Gibreal at private sale without prior notice to the plaintiffs. During the trial the plaintiffs were allowed to amend their petition to pray for damages.

The trial court found the lease agreement was a contract of sale with a purchase money security interest reserved to Gibreal; the repossession and sale of the truck was illegal and the plaintiffs were damaged in the amount remaining due on the note and mortgage to Allied Investment Company; and the plaintiff Eloise M. Crowder was entitled to recover $200 damages for the wrongful service of the wage assignment. The cross-petition was dismissed and the note and mortgage canceled. Gibreal and Allied Investment Company appeal.

The defendants contend the trial court erred in finding the lease agreement was a contract of sale with a purchase money security interest reserved. They rely on Gibreal Auto Sales, Inc. v. Missouri Valley Machinery Co., 186 Neb. 763, 186 N. W. 2d 719, in which a somewhat similar lease agreement was held to be a lease. The principal difference between the lease agreement in the Missouri Valley case and the lease agreement involved here is the consideration that was to be paid if the option to purchase was exercised. In the Missouri Valley case the additional consideration was $8,580. The additional consideration to be paid here was $665, approximately 4 percent of the total consideration payable under the agreement.

Section 1-201 (37), U. C. C., provides that if upon compliance with the terms of the lease the lessee has an option to become the owner of the property for a nominal consideration, the lease is intended for security. The additional consideration here was nominal, and the

finding of the District Court that the lease was intended for security was correct.

Section 9-504, U. C. C., provides that after default, a secured party may dispose of collateral at public or private sale after reasonable notification to the debtor. Since there was no notice given in this case, the plaintiffs could recover any loss caused by the failure of the secured party to comply with the statute. § 9-507, U. C. C. The problem here is there was no competent evidence to show the amount of any loss sustained by the plaintiffs.

Gilbert Gibreal, who operated the leasing company, testified he sold the truck for $8,900 cash which was its fair market value at the time it was sold. The balance due under the agreement was $9,465. The plaintiffs produced no evidence as to the value of the truck. Their original theory of damages was based on section 9-507 (1), U. C. C., but they concede that the truck was not "consumer goods" and the statute is not applicable. The evidence does not support the finding of the trial court that the plaintiffs were damaged in the amount due on the note and mortgage to Allied Investment Company.

The plaintiffs sought cancellation of the note and mortgage to Allied Investment Company on the theory that Gibreal intended to repossess the truck and defraud them at the time the note and mortgage were given. The plaintiffs were in default at the time of the second repossession. The evidence does not sustain the allegations of fraud. The finding that the note and mortgage should be canceled is not supported by the evidence.

The wage assignment that is in dispute is dated July 15, 1970, and runs from Mrs. Crowder to Allied Investment Company. It appears to be regular on its face and the certificate of the notary public recites that it was acknowledged on the day it was executed. In substance, the plaintiffs admit their signatures are genuine but deny they acknowledged the assignment before a

notary public. The plaintiffs seem to have no recollection that they acknowledged the assignment rather than a positive recollection that it was not acknowledged. If it is assumed that the assignment was void because it was not acknowledged, there is no evidence to support a finding that Mrs. Crowder was damaged in the amount of $200 by the service of a copy of the assignment upon her employer.

Mrs. Crowder testified she was employed by Western Electric; that an employee who has three wage assignments or garnishments is given time off without pay; and an employee with four wage assignments is discharged. Apparently Mrs. Crowder is no longer employed by Western Electric. In the event she was re-employed and additional wage assignments were served on the employer, she might be penalized by a suspension or discharge. It is speculative and conjectural whether there was any damage to Mrs. Crowder resulting from the service of the wage assignment upon her employer. The judgment in her favor is not sustained by sufficient evidence.

So far as the cross-petition is concerned, the evidence shows the $400 payment due on August 29, 1970, was not paid. The truck was repossessed in September 1970, but the insurance on the truck was not canceled until October 24, 1970. The repair expense appears to have included a number of items that might be considered routine maintenance or within the range of "ordinary wear and tear."

The judgment in case No. 38922 is reversed and the cause remanded with directions to enter judgment in favor of the defendant Gibreal Auto Sales, Inc., against the plaintiffs in the amount of $400.

The judgment in case No. 38920 is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.